Erin P. Moriarty (SBN 146751)
**LAW OFFICES OF WENETA M.A. KOSMALA**
3 MacArthur Place, Suite 760
Santa Ana, CA 92707
Telephone:  (714) 540-3600
Facsimile:  (714) 509-1760
E-mail:         emoriarty@kosmalalaw.com

Proposed General Counsel for
Weneta M.A. Kosmala, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>**LILLIAN SIKANOVSKI DULAC aka LILA DULAC aka LILLIAN SIKANOVSKI,**<br><br>　　　　　Debtor(s). | Case No. 8:18-bk-12967-ES<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY GENERAL COUNSEL; DECLARATIONS OF WENETA M.A. KOSMALA AND ERIN P. MORIARTY IN SUPPORT THEREOF**<br><br>[No Hearing Set.] |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE; THE DEBTOR AND HER ATTORNEY OF RECORD; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL INTERESTED PARTIES:**

　　　Weneta M.A. Kosmala ("Trustee"), Chapter 7 Trustee of the bankruptcy estate of Lillian Sikanovski Dulac ("Debtor"), hereby respectfully submits this Application to Employ General Counsel, requesting that the Court approve the employment of the Law Offices of Weneta M.A. Kosmala as general counsel on behalf of Trustee and the Bankruptcy Estate, pursuant to 11 U.S.C. § 327, Federal Rule of Bankruptcy Procedure 2014 and Local Bankruptcy Rule 2014-1(b), based upon the following:

///

I. **BACKGROUND OF THE CASE.**

1. The Debtor initiated this case by the filing of a Voluntary Petition under Chapter 13 on August 13, 2018. At the Debtor's request, the case was converted to Chapter 7 as of January 22, 2019, at which point Trustee was appointed.

2. The Debtor scheduled three real properties, along with liens purportedly encumbering them. In particular, a number of liens appear to be held by a family trust established by members of the Debtor's ex-husband's family, and may be subject to challenge. It appears that there is significant equity in at least one of the properties, and that there are lien issues, the resolution of which may result in additional equity for the Estate.

3. The Debtor is apparently divorced from Ronald Dulac. It appears that marital property between the two which was not divided pre-petition includes certain business interests.

4. The Debtor further scheduled a $20,000 inheritance from her father's estate.

II. **NAME OF PROFESSIONAL, AND NECESSITY AND SCOPE OF EMPLOYMENT.**

5. Trustee seeks to employ the Law Offices of Weneta M.A. Kosmala ("Counsel") as general counsel for the Estate to advise and take appropriate action on any legal issues that may arise in this case. At present, the following areas of services are anticipated:

   a. Trustee needs the assistance of counsel in analyzing the Debtor's real property interests, as well as the lien issues that may exist as to that property; avoiding and/or establishing the validity and value of liens, as appears appropriate; working with Trustee's realtor in marketing and selling the properties, if appropriate; and in interfacing with the Debtor to arrange for the vacating of her residence, if appropriate.

   b. Trustee needs the assistance of counsel in analyzing the Debtor's interest in marital property (including the business interests co-owned by the Debtor and her ex-husband), in establishing the Estate's interest in that property, and in liquidating it for the benefit of the Estate.

   c. Trustee needs the assistance of counsel in analyzing the Debtor's interest in her father's probate estate, and in collecting on any such interest for the benefit of the Estate.

   d. Trustee intends to conduct a routine review and analysis of claims, but may need assistance in analyzing more complex claims, and in filing objections regarding those claims.

 6. Under 11 U.S.C. §327(a), "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

 7. Trustee and Counsel are cognizant of the Court's concern that professionals retained on behalf of a bankruptcy estate not receive compensation outside of the "cap" of 11 U.S.C. § 326(a) for performing "trustee services."  Counsel is not being retained for the purpose of performing "trustee services"; Trustee and Counsel believe that the afore-described services are "legal services", not subject to the limitation of 11 U.S.C. § 326(a).

 8. Trustee is affiliated with Counsel.  Under 11 U.S.C. §327(d), "[t]he court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate."  Trustee believes that Counsel's employment is in the best interests of the estate.  Counsel already has substantial knowledge of the case, and will have to spend less time becoming familiar with the case than outside counsel would.  Communication and transmission of information in-house will be more efficient, and therefore more cost effective. The efforts of staff can be better coordinated in-house to reduce overlap or duplication.  Trustee believes that these factors serve as "cause" to retain her own law firm in this case.  *See i.e.* <u>In re Butler Industries, Inc.,</u> 101 B.R. 194 (Bankr. C.D. Cal. 1989), aff'd, 114 B.R. 594 (Bankr. C.D. Cal. 1990).

///

### III. REASON FOR SELECTION OF PROFESSIONAL, AND TERMS AND CONDITIONS OF EMPLOYMENT.

9. As shown by the Declaration of Erin P. Moriarty, Counsel has substantial experience in bankruptcy matters in general, and in representing trustees in particular. Trustee believes that Counsel is well-qualified to represent the estate in this case. A copy of the firm's resume is attached as Exhibit "A" to the Declaration of Erin P. Moriarty.

10. Counsel intends to seek compensation pursuant to 11 U.S.C. § 330 and/or § 331 for fees at its usual hourly rates, and reimbursement of its case-related expenses. Current hourly rates (subject to change upon notice as provided in the Local Rules) are:

| | |
|---|---|
| Weneta Kosmala (attorney) | $595 |
| Erin P. Moriarty (attorney) | $585 |
| Paraprofessional staff | $260 |

11. Counsel's compensation and reimbursement are contingent upon the availability of funds in the estate for payment; are subject to all applicable Bankruptcy Code, Bankruptcy Rule, and Local Rule criteria for fee applications; and will be paid only upon further Court Order.

12. Counsel has received no retainer in this case.

### IV. DISINTERESTEDNESS.

13. Trustee is affiliated with Counsel, and has retained Counsel in unrelated cases in which she is the Chapter 7 trustee. Neither Trustee nor Counsel has any reason to believe that any of those prior relationships creates a conflict in this case.

14. Except as noted, Counsel has no connection with the Debtor, any creditor or party in interest in this case, the United States Trustee or any employees of the Office of the United States Trustee, or Trustee. Counsel has no interest adverse to the Estate.

///

## V. NOTICE TO PARTIES IN INTEREST; ORDER SOUGHT WITHOUT A HEARING.

15. Parties entitled to notice are being provided with a separate notice of this application. That notice advises that any party in interest may request a copy of this application by contacting Counsel at the address and phone set forth in the upper left-hand corner of the notice.

16. Trustee intends to seek an Order approving this Application without a hearing. Any response and request for a hearing must be in the form required by Local Bankruptcy Rule 9013-1(f) (1), and must be filed and served upon Trustee, through Counsel, at the address set forth in the upper left-hand corner of the first page of this Application, as well as the Office of the United States Trustee, no later than fourteen (14) days from the date of service of the notice.

**WHEREFORE**, Trustee prays that she be authorized to employ the Law Offices of Weneta M.A. Kosmala pursuant to 11 U.S.C. § 327 to represent Trustee and the Estate as general counsel, with compensation and reimbursement at the expense of the estate in such amounts as the Court may hereafter allow pursuant to 11 U.S.C. §330 and/or §331.

Date: January 24, 2019            __/s/ Weneta M.A. Kosmala
                                  Weneta M.A. Kosmala
                                  Chapter 7 Trustee

# DECLARATION OF WENETA M.A. KOSMALA

I, Weneta M.A. Kosmala, declare:

1. I am the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate ("Estate") of Lillian Sikanovski Dulac ("Debtor"). I make this declaration based upon facts that are within my personal knowledge, have been adduced in the course of my service as trustee, or are matters of public record, and if called upon to testify thereto, I could and would competently so testify.

2. The Debtor initiated this case by the filing of a Voluntary Petition under Chapter 13 on August 13, 2018. At the Debtor's request, the case was converted to Chapter 7 as of January 22, 2019, at which point I was appointed.

3. The Debtor scheduled three real properties, along with liens purportedly encumbering them. In particular, a number of liens appear to be held by a family trust established by members of the Debtor's ex-husband's family, and may be subject to challenge. It appears that there is significant equity in at least one of the properties, and that there are lien issues, the resolution of which may result in additional equity for the Estate.

4. The Debtor is apparently divorced from Ronald Dulac. It appears that marital property between the two which was not divided pre-petition includes certain business interests.

5. The Debtor further scheduled a $20,000 inheritance from her father's estate.

6. I seek to employ the Law Offices of Weneta M.A. Kosmala ("Counsel") as general counsel for the Estate to advise and take appropriate action on any legal issues that may arise in this case. At present, the following areas of services are anticipated:

    a. I need the assistance of counsel in analyzing the Debtor's real property interests, as well as the lien issues that may exist as to that property; avoiding and/or establishing the validity and value of liens, as appears appropriate; working with my realtor in marketing and selling the properties, if appropriate; and in interfacing with the Debtor to arrange for the vacating of her residence, if appropriate.

    b. I need the assistance of counsel in analyzing the Debtor's interest in marital property (including the business interests co-owned by the Debtor and her ex-husband),

1  in establishing the Estate's interest in that property, and in liquidating it for the benefit of the
2  Estate.
3        c.    I need the assistance of counsel in analyzing the Debtor's interest in her
4  father's probate estate, and in collecting on any such interest for the benefit of the Estate.
5        d.    I intend to conduct a routine review and analysis of claims, but may need
6  assistance in analyzing more complex claims, and in filing objections regarding those claims.
7      7.    Counsel and I are cognizant of the Court's concern that professionals retained on
8  behalf of a bankruptcy estate not receive compensation outside of the "cap" of 11 U.S.C. §
9  326(a) for performing "trustee services."  Counsel is not being retained for the purpose of
10 performing "trustee services"; Counsel and I believe that the afore-described services are "legal
11 services", not subject to the limitation of 11 U.S.C. § 326(a).
12     8.    I am affiliated with Counsel.  I believe that Counsel's employment is in the best
13 interests of the estate.  Counsel already has substantial knowledge of the case, and will have to
14 spend less time becoming familiar with the case than outside counsel would.  Communication
15 and transmission of information in-house will be more efficient, and therefore more cost
16 effective.  The efforts of staff can be better coordinated in-house to reduce overlap or
17 duplication.  I believe that these factors serve as "cause" to retain her own law firm in this case.
18     9.    Counsel has substantial experience in bankruptcy matters in general, and in
19 representing trustees in particular.  I believe that Counsel is well-qualified to represent the estate
20 in this case.
21     10.    Counsel intends to seek compensation pursuant to 11 U.S.C. § 330 and/or § 331
22 for fees at its usual hourly rates, and reimbursement of its case-related expenses.
23     11.    Counsel's compensation and reimbursement are contingent upon the availability
24 of funds in the estate for payment; are subject to all applicable Bankruptcy Code, Bankruptcy
25 Rule, and Local Rule criteria for fee applications; and will be paid only upon further Court
26 Order.
27     12.    Counsel has received no retainer in this case.
28 ///

13. I am affiliated with Counsel, and I have retained Counsel in unrelated cases in which I am the Chapter 7 trustee. Neither Counsel nor I have any reason to believe that any of those prior relationships creates a conflict in this case.

14. Except as noted, Counsel has no connection with the Debtor, any creditor or party in interest in this case, the United States Trustee or any employees of the Office of the United States Trustee, or me. Counsel has no interest adverse to the Estate.

15. Parties entitled to notice are being provided with a separate notice of this application. That notice advises that any party in interest may request a copy of this application by contacting Counsel at the address and phone set forth in the upper left-hand corner of the notice.

16. I intend to seek an Order approving this Application without a hearing. Any response and request for a hearing must be in the form required by Local Bankruptcy Rule 9013-1(f) (1), and must be filed and served upon me, through Counsel, at the address set forth in the upper left-hand corner of the first page of this Application, as well as the Office of the United States Trustee, no later than fourteen (14) days from the date of service of the notice.

I declare under oath and under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on January 24, 2019 at Santa Ana, California.

Weneta M.A. Kosmala

# DECLARATION OF ERIN P. MORIARTY

I, Erin P. Moriarty, declare:

1. I am an attorney with the Law Offices of Weneta M.A. Kosmala ("Counsel"), the firm that Weneta M.A. Kosmala ("Trustee"), Chapter 7 Trustee of the bankruptcy estate ("Estate") of Lillian Sikanovski Dulac ("Debtor"), seeks to retain as general counsel. I make this declaration based upon facts that are within my personal knowledge, or are matters of public record, and if called upon to testify thereto, I could and would competently so testify.

2. Counsel has agreed to undertake representation of Trustee and the Estate as set forth in the Declaration of Weneta M.A. Kosmala.

3. Counsel has substantial experience in bankruptcy matters in general, and in representing trustees in particular. I believe that Counsel is well-qualified to represent the estate in this case. A resume of the professionals associated with the firm is attached hereto as Exhibit "A" and incorporated herein by this reference.

4. Counsel intends to seek compensation pursuant to 11 U.S.C. § 330 and/or § 331 for fees at its usual hourly rates, and reimbursement of its case-related expenses. Current hourly rates are set forth in the foregoing Application. Rates are subject to change upon notice as provided in the Local Rules.

5. Counsel's compensation and reimbursement are contingent upon the availability of funds in the estate for payment; are subject to all applicable Bankruptcy Code, Bankruptcy Rule, and Local Rule criteria for fee applications; and will be paid only upon further Court Order. Counsel has received no retainer in this case.

6. I am cognizant of the Court's concern that professionals retained on behalf of a bankruptcy estate not receive compensation outside of the "cap" of 11 U.S.C. § 326(a) for performing "trustee services." Counsel is not being retained for the purpose of performing "trustee services"; I believe that the afore-described services are "legal services", not subject to the limitation of 11 U.S.C. § 326(a).

///

7. As is indicate in the Statement of Disinterestedness for Employment of Professional Person, a true and correct copy of which is attached hereto and incorporated herein by this reference as Exhibit "B", Counsel is disinterested, and has no interest adverse to the Estate.

I declare under oath and under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on January 24, 2019 at Santa Ana, California.

*/s/ Erin P. Moriarty*
Erin P. Moriarty

# Exhibit "A"

# **FIRM RESUME**

## **WENETA M.A. KOSMALA:**

Admitted to Louisiana bar, 1984; California Bar, 1991; U.S. District Court, Middle District of Louisiana, 1990; U.S. District Court, Central District of California, 1991. Education: University of Akron (B.A., Magna Cum Laude, 1981) Pi Sigma Alpha; Indiana University (J.D., 1984). Certified Public Accountant, Louisiana, 1987. Licensed Certified Public Accountant, 1992. Formerly: Law Clerk to the Honorable Joseph F. Keogh, 19th Judicial District Court, State of Louisiana, 1985 - 1987; Tax Specialist, Corporate and International Tax Section, Peat, Marwick, Main & Co., Certified Public Accountants, New Orleans, Louisiana, 1987 - 1989. Member: State Bar of California; Louisiana Bar Association; American Bar Association; American Association of Attorney-Certified Public Accountants; California Society of Certified Public Accountants; Society of Louisiana Certified Public Accountants; American Institute of Certified Public Accountants; Orange County Bankruptcy Forum [member, Board of Directors]; Orange County Bar Association (Commercial Law & Bankruptcy Section). Speaker: for the Orange County Bankruptcy Forum, the Orange County Bar Association, Commercial Law & Bankruptcy Section and the Financial Section, and the National Association of Bankruptcy Trustees. Appointments: Panel Mediator for the Central District of California Bankruptcy Mediation Program, 1995 - Present. Panel Bankruptcy Trustee for U.S. Bankruptcy Court, Central District of California, 1993 - Present.

## **ERIN P. MORIARTY:**

Admitted to Louisiana bar, 1985; California bar, 1990; U.S. District Court, Middle District of Louisiana, 1987; U.S. Claims Court, 1988; U.S. District Court, Central District of California, 1991, Northern, Eastern and Southern Districts of California, 1993. Education: Louisiana State University (B.A. 1980; J.D. 1985). Formerly: Law Clerk to the Honorable Jimmy M. Stoker, 3d Circuit Court of Appeal, State of Louisiana, 1985-87. Member: State Bar of California; Louisiana State Bar Association; Orange County Bar Association (Commercial Law and Bankruptcy Section; committee member and speaker); Orange County Bankruptcy Forum (speaker). Adjunct Faculty: Trinity Law School, Santa Ana, California; Western State University School of Law, Fullerton, California (subjects: Bankruptcy, Civil Procedure, Legal Writing).

## **PARALEGAL**

**JANINE FOUNTAIN**:

Education: Coastline Community College, Fountain Valley, CA A.A. Liberal Studies (2002) and ABA approved Paralegal Certificate (2004), graduated on Dean's List. Member and Lifetime Achievement Award Recipient of the Orange County Paralegal Association. Experience: over 12 years progressive experience in trustee administration. Prior experience: over 15 years of progressive experience in executive administration in military (United States Marine Corps) and civilian positions.

# Exhibit "B"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Erin P. Moriarty (SBN 146751)<br>LAW OFFICES OF WENETA M.A. KOSMALA<br>3 MacArthur Place, Suite 760<br>Santa Ana, CA  92707<br>Tel:  (714) 540-3600<br>Fax: (714) 509-1760<br>E-mail:  emoriarty@kosmalalaw.com<br><br><br><br>*Attorney for:* Chapter 7 Trustee | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>LILLIAN SIKANOVSKI DULAC,<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:18-bk-12967-ES<br><br>CHAPTER: 7<br><br>**STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER FRBP 2014**<br><br>**(File with Application for Employment)**<br><br><br>[No Hearing Required] |
|---|---|

1. Name, address and telephone number of the professional (Professional) submitting this Statement:

   Erin P. Moriarty, LAW OFFICES OF WENETA M.A. KOSMALA, 3 MacArthur Place, Suite 760, Santa Ana, CA 92707 (714) 540-3600

2. The services to be rendered by the Professional in this case are *(specify)*:
   Trustee seeks to employ Counsel to advise and take appropriate action on any legal issues that may arise in this case, including analyzing and/or taking legal action related to evaluating the Debtor's real property and liens encumbering them, undivided marital property of the Debtor and her ex-husband (including business interests).

3. The terms and source of the proposed compensation and reimbursement of the Professional are *(specify)*:
   Counsel intends to seek compensation pursuant to 11 U.S.C. 330 and/or 331 for fees at its usual hourly rates, and reimbursement of its case-related expenses.  Counsel's compensation and reimbursement are contingent upon the availability of funds in the estate for payment; are subject to all applicable Bankruptcy Code, Bankruptcy Rule, and Local Rule criteria for fee applications; and will be paid only upon further Court Order.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                                Page 1                                           Exhibit B Page 12
                                                                                                                 F 2014-1.STMT.DISINTEREST.PROF

4. The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are *(specify)*:

   Counsel has received no retainer in this case.

5. The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of *(specify)*:

   I have reviewed the Debtors' schedules and Statement of Financial Affairs, 341(a) testimony and any documents produced by the Debtor, and have made an inquiry of professionals within the firm concerning this case.

6. The following is a complete description of all of the Professional's connections with the Debtor, principals of the Debtor, insiders, the Debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee *(specify, attaching extra pages as necessary)*:

   Trustee has retained Counsel in unrelated cases, and Counsel is Trustee's wholly-owned law firm.  Counsel has no prior connection ot the Debtors, any creditor or party in interest in this case, the United States Trustee or any employees of the Office of the United States Trustee, or Trustee.  Counsel has no interest adverse to the Estate.

7. The Professional is not a creditor, an equity security holder or an insider of the Debtor, except as follows *(specify, attaching extra pages as necessary)*:

   No exceptions.

8. The Professional is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor.

9. The Professional does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as follows *(specify, attaching extra pages as necessary)*:

   No exceptions.

10. Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional *(specify)*:

    Erin P. Moriarty, LAW OFFICES OF WENETA M.A. KOSMALA, 3 MacArthur Place, Suite 760, Santa Ana, CA 92707 (714) 540-3600, associate of the firm.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    Exhibit B Page 13    **F 2014-1.STMT.DISINTEREST.PROF**

11. The Professional is not a relative or employee of the United States trustee or a bankruptcy judge, except as follows *(specify, attaching extra pages as necessary)*:
No exceptions.

12. Total number of attached pages of supporting documentation: <u>None</u>

13. After conducting or supervising the investigation described in paragraph 5 above, I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct except that I declare that paragraphs 6 through 9 are stated on information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/24/2019 | Erin P. Moriarty | /s/ Erin P. Moriarty |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                     Page 3                     F 2014-1.STMT.DISINTEREST.PROF

Exhibit B Page 14

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3 MacArthur Place, Suite 760, Santa Ana, CA 92707

A true and correct copy of the foregoing document entitled (*specify*): Chapter 7 Trustee's Application to Employ General Counsel; Declarations of Weneta M.A. Kosmala and Erin P. Moriarty in Support Thereof
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/28/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/28/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/28/2019 | Janine Fountain | /s/ Janine Fountain |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*      **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**
Ronald Appel    attorneyrappel@gmail.com
Halli B Heston    hheston@hestonlaw.com, yflores@hestonlaw.com,docs@hestonlaw.com,assistant@hestonlaw.com;r41032@notify.bestcase.com
Michael Jones    mike@mjthelawyer.com, 2651971420@filings.docketbird.com
Weneta M Kosmala (TR)    ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
Kelsey X Luu    ecfcacb@aldridgepite.com, kluu@ecf.inforuptcy.com
Angie M Marth    amarth@logs.com, ssali@logs.com
Sara Tidd    sara@mjonesoc.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov


**2. SERVED BY UNITED STATES MAIL**:

See attached list

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**

```
Label Matrix for local noticing        Heston & Heston, Attorneys at Law      Santa Ana Division
0973-8                                  19700 Fairchild Road Suite 280         411 West Fourth Street, Suite 2030,
Case 8:18-bk-12967-ES                   Irvine, CA 92612-2521                  Santa Ana, CA 92701-4500
Central District of California
Santa Ana
Mon Jan 28 17:58:35 PST 2019

Aztec Foreclosure Corporation           Aztec Foreclosure Corporation          Bertrand Dulac and Georgette Dulac
3636 N. CENTRAL AVENUE, Ste 400         c/o CT Corp, Reg Agent                 Trustees of the Dulac Family Trust
Phoenix, AZ 85012-1932                  818 W 7th St, # 200                    41 Avenida Corona
                                        Los Angeles, CA 90017-3425             Rancho Palos Verdes, CA 90275-6327


Bertrand Dulac, Dulac Family Trust      County of Orange                       Dept of Ed / Navient
c/o Ronald Appel, Esq.                  P.O. Box 4515                          Attn: Claims Dept
2522 Chambers Road                      Santa Ana, CA 92702-4515               Po Box 9635
Tustin, CA 92780-6962                   Attn: Bankruptcy Unit                  Wilkes Barr, PA 18773-9635


Graham Orthodontics, Inc.               Heston & Heston                        Mr. Cooper
20932 Brookhurst St. - Ste 201          c/o Halli B Heston Esq                 Attn: Bankruptcy
Huntington Beach, CA 92646-6682         19700 Fairchild Road Ste 280           8950 Cypress Waters Blvd
                                        Irvine CA 92612-2521                   Coppell, TX 75019-4620


Nationstar Mortgage LLC d/b/a Mr. Cooper Navient Solutions, LLC. on behalf of  Quantum3 Group LLC as agent for
ATTN: Bankruptcy Dept.                  Department of Education Loan Services  MOMA Funding LLC
PO Box 619096                           PO BOX 9635                            PO Box 788
Dallas, TX 75261-9096                   Wilkes-Barre, PA 18773-9635            Kirkland, WA  98083-0788


Ronald Appel                            Ronald Dulac                           Santander Consumer USA
Appel & Appel                           PO Box 1531                            8585 N Stemmons Fwy - Ste 1000
2522 Chambers Road                      Sunset Beach, CA 90742-1531            Dallas, TX 75247-3800
Tustin, CA 92780-6962


Servite High School                     United States Trustee (SA)             Lillian Sikanovski Dulac
1952 W. La Palma Ave                    411 W Fourth St., Suite 7160           18566 Santa Andrea Street
Anaheim, CA 92801-3595                  Santa Ana, CA 92701-4500               Fountain Valley, CA 92708-6249


Michael Jones                           Sara Tidd                              Weneta M Kosmala (TR)
M Jones & Assoicates, PC                M. Jones & Associates, PC              3 MacArthur Place, Suite 760
505 N Tustin Ave Ste 105                505 N. Tustin Ave., Suite 105          Santa Ana, CA 92707-6071
Santa Ana, CA 92705-3735                Santa Ana, CA 92705-3735
```

                The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Courtesy NEF                         (u)The Dulac Family Trust              (u)U.S. Bank National Association, as Trustee