Erin P. Moriarty (SBN 146751)
**LAW OFFICES OF WENETA M.A. KOSMALA**
3 MacArthur Place, Suite 760
Santa Ana, CA 92707
Telephone:  (714) 540-3600
Facsimile:  (714) 509-1760
E-mail:         emoriarty@kosmalalaw.com

General Counsel for
Weneta M.A. Kosmala, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>**LILLIAN SIKANOVSKI DULAC aka LILA DULAC aka LILLIAN SIKANOVSKI,**<br><br>Debtor(s). | Case No. 8:18-bk-12967-ES<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY OF U.S. BANK NATIONAL ASSOCIATION; DECLARATION OF WENETA M.A. KOSMALA IN SUPPORT THEREOF**<br><br>Date:   April 4, 2019<br>Time:  10:00 a.m.<br>Ctrm:  5A |

Weneta M.A. Kosmala ("Trustee"), Chapter 7 Trustee of the bankruptcy estate of Lillian Sikanovski Dulac ("Debtor"), submits the following in opposition to the Motion for Relief from the Automatic Stay ("Motion", Docket No. 49) filed on behalf of U.S. Bank National Association ("Movant") related to real property located at 18566 Santa Andrea Street; Fountain Valley, CA  92708 ("Property"):

   1.   The Motion raises the standard grounds for relief:  Movant's interest is not adequately protected under 11 U.S.C. § 362(d)(1), and there is no equity for the Debtor (or more pertinently here, the Estate) under § 362(d)(2).

///

1

2. As to the first ground, Movant's own numbers rebut the argument. The Debtor scheduled the Property at $790,000.00, and Movant's payoff is $603,047.16. Even after deducting costs of sale of 7% ($55,300), there is a substantial equity cushion of in excess of 20% protecting Movant's interest ($790,000.00 - $55,300 - $603,047.16 = $131,752.84), sufficient to cover approximately 33 months of payments ($131,752.84 / $4,545.98 = 33.38 months). In re Mellor, 734 F.2d 1396, 1401 (9th Cir. 1984) ["A 20% cushion has been held to be an adequate protection for a secured creditor. See In re McGowan, 6 B.R. 241, 243 (B.Ct.E.D.Pa.1980) [holding a 10% cushion is sufficient to be adequate protection]; In re Rogers Development Corp., 2 B.R. 679, 685 (B.Ct.E.D.Virg.1980) [court decided that an equity cushion of approximately 15% to 20% was sufficient adequate protection to the creditor, even though the debtors had no equity in the property.]; In re Breuer, 4 B.R. 499, 501 [creditor protected by equity cushion of $21,000 despite fact that debtor lacked equity in the property.]"]. Trustee's own BPO indicates that the Property may be worth as much as $799,000 in the current market.

3. As to the second ground, the circumstances are somewhat complicated, in that:

a. There is a junior deed of trust on the Property in favor of the Dulac Family Trust, Dated January 13, 1998, a true and correct copy of which is attached as Exhibit "A" to the Declaration of Weneta M.A. Kosmala. The deed of trust purportedly secures a debt of $218,990.22, purportedly owed to the family trust of the parents of the Debtor's ex-husband. There are two "purportedly's" in that statement, because the Debtor did not join in granting the deed of trust, which violates Cal.Fam.C. § 1102 (which requires the signature of both spouses to encumber community property), and she denies that she signed the note representing the underlying debt, and that she owes any debt to the trust or her former in-laws. Trustee intends to avoid that deed of trust using her avoidance powers under 11 U.S.C. § 544 and/or § 548, and to step into the shoes of the avoided position under § 551, which would allow Trustee access to the substantial net equity calculated above under Movant's position (except as to a small child support obligation of the Debtor's ex-husband, which may no longer be due).

b. There are tax liens below the level of the foregoing deed of trust owed to the Internal Revenue Service (federal) and the Franchise Tax Board (state). True and correct

copies of the lien notices are attached collectively as Exhibit "B" to the Declaration of Weneta M.A. Kosmala.  If sale proceeds stretch far enough, Trustee intends to utilize the mechanism of § 724(a) to avoid any penalty portions of those tax liens, and to preserve the avoided interests under § 551.  Thus, there may be additional amounts to be recovered and retained for the benefit of the Estate.

4. Trustee, through counsel, suggested a continuance of the hearing on the Motion to allow Trustee to initiate action on the foregoing issues, as well as placing the Property on the market (which is in process).  However, to date, the Movant has not agreed.  Since the opposition is done, and grounds do not exist for relief, the Motion should be granted.

Respectfully submitted,

**LAW OFFICES OF WENETA M.A. KOSMALA**

Date:  March 25, 2019

/s/ Erin P. Moriarty
Erin P. Moriarty
Attorney for Weneta M.A. Kosmala,
Chapter 7 Trustee

3

## DECLARATION OF WENETA M.A. KOSMALA

I, Weneta M.A. Kosmala, declare:

1. I am the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate ("Estate") of Lillian Sikanovski Dulac ("Debtor"). I make this declaration based upon facts that are within my personal knowledge, have been adduced in the course of my service as trustee, or are matters of public record, and if called upon to testify thereto, I could and would competently so testify.

2. I make this declaration in support of my opposition to the Motion for Relief from the Automatic Stay of U.S. Bank National Association ("Movant") related to real property at 18566 Santa Andrea Street; Fountain Valley, CA 92708 ("Property"):

3. The Motion raises the standard grounds for relief: Movant's interest is not adequately protected under 11 U.S.C. § 362(d)(1), and there is no equity for the Debtor (or more pertinently here, the Estate) under § 362(d)(2).

5. As to the first ground, Movant's own numbers rebut the argument. The Debtor scheduled the Property at $790,000.00, and Movant's payoff is $603,047.16. Even after deducting costs of sale of 7% ($55,300), there is a substantial equity cushion of in excess of 20% protecting Movant's interest ($790,000.00 - $55,300 - $603,047.16 = $131,752.84), sufficient to cover approximately 33 months of payments ($131,752.84 / $4,545.98 = 33.38 months). My own BPO indicates that the Property may be worth as much as $799,000 in the current market.

6. As to the second ground, the circumstances are somewhat complicated, in that:

   a. There is a junior deed of trust on the Property in favor of the Dulac Family Trust, Dated January 13, 1998, a true and correct copy of which is attached hereto and incorporated herein by this reference as Exhibit "A". The deed of trust purportedly secures a debt of $218,990.22, purportedly owed to the family trust of the parents of the Debtor's ex-husband. There are two "purportedly's" in that statement, because the Debtor did not join in granting the deed of trust, which violates Cal.Fam.C. § 1102 (which requires the signature of both spouses to encumber community property), and she denies that she signed the note representing the underlying debt, and that she owes any debt to the trust or her former in-laws. I

intend to avoid that deed of trust using her avoidance powers under 11 U.S.C. § 544 and/or § 548, and to step into the shoes of the avoided position under § 551, which would allow me access to the substantial net equity calculated above under Movant's position (except as to a small child support obligation of the Debtor's ex-husband, which may no longer be due).

   b. There are tax liens below the level of the foregoing deed of trust owed to the Internal Revenue Service (federal) and the Franchise Tax Board (state). True and correct copies of the lien notices are attached hereto and incorporated here by this reference collectively as Exhibit "B". If sale proceeds stretch far enough, I intend to utilize the mechanism of § 724(a) to avoid any penalty portions of those tax liens, and to preserve the avoided interests under § 551. Thus, there may be additional amounts to be recovered and retained for the benefit of the Estate.

  7. Through counsel, I suggested a continuance of the hearing on the Motion to allow me to initiate action on the foregoing issues, as well as placing the Property on the market (which is in process). However, to date, the Movant has not agreed. Since the opposition is done, and grounds do not exist for relief, the Motion should be granted.

  I declare under oath and under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

  Executed on March 25, 2019 at Santa Ana, California.

Weneta M.A. Kosmala

# Exhibit "A"

RECORDING REQUESTED BY
Dulac Family Trust

AND WHEN RECORDED MAIL TO:

Dulac Family Trust
41 Avenida Corona
Rancho Palos Verde, CA 90275

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

*$ R 0 0 0 6 5 9 5 4 0 7 $*    27.00

**2014000117669 01:37pm 03/28/14**
10 404 D11 A36 F14 4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

———— SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY ————

APN: 112-732-05        Order #: _____        Escrow #: _____

## DEED OF TRUST WITH ASSIGNMENT OF RENTS (LONG FORM)

**THIS DEED OF TRUST**, made March 27, 2014, between Ronald H. Dulac _____, herein called TRUSTOR

whose address is 18566 Santa Andrea Street _____,
(Number and Street)
Fountain Valley _____ California, 92708
(City)                                        (State and Zip)

First American Title _____, a California corporation, herein called TRUSTEE, and
Dulac Family Trust, Dated January 13, 1998 _____, herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in trust, with Power of Sale, that property in the City of Fountain Valley, County of Orange, State of California, described as:
18566 Santa Andrea St., Fountain Valley, CA 92708
APN 112-732-05

SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE

together with rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of $218,990.22 _____, with interest thereon according to the terms of a promissory note or notes of even date herewith made to Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A. To protect the security of this Deed of Trust, Trustor agrees:

1) To keep said property in good condition and repair, not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary; the specific enumerations herein not excluding the general.

Page 1 of 4

2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4) To pay, at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all cost, fees and expenses of this Trust

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same is such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

1) That any award in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require payment when due of all other sums so secured or to declare default for failure so to pay.

3) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easements thereon, or join in any extension agreement or any agreement subordinating the lien or charge hereof.

4) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collecting of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of said having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

Page 2 of 4

After deducting all costs, fees and expenses of trustee and of this Trust, including costs of evidence of title in connection with sale, Trustee shall apply to proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

9) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

10) Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address as shown above.

Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the California Civil Code.

If the Trustor/Grantor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, Beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any Note evidencing the same, immediately due and payable.

Ronald H, Dulac
Trustor

Trustor


Trustor

Trustor

Dated: March 28, 2014

STATE OF CALIFORNIA
COUNTY OF Orange

On March 28, 2014, before me,
JC Gaerlan, Notary Public, personally appeared
Ronald Henry Dulac
, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ JGaerlan _____ (Notary Seal)
Signature

J. C. GAERLAN
Commission # 1994087
Notary Public - California
Orange County
My Comm. Expires Nov 11, 2016

Page 3 of 4

# EXHIBIT "A"

LOT 64 OF TRACT NO. 5054, AS SHOWN ON A MAP RECORDED IN BOOK 210, PAGES 21, 22 AND 23 OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA.

EXCEPTING ALL MINERALS, OIL, GAS, PETROLEUM, AND OTHER HYDROCARBON SUBSTANCES IN OR UNDER OR WHICH MAY BE PRODUCED FROM SAID LAND BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID LAND, WITHOUT THE RIGHT OF SURFACE ENTRY AS RESERVED AND GRANTED IN DEEDS OF RECORD.

ALSO EXCEPT ALL RIGHTS TO UNDERGROUND WATER, WITHOUT THE RIGHT TO SURFACE ENTRY AS DEDICATED TO THE CITY OF FOUNTAIN VALLEY ON THE MAP OF SAID TRACT.

Assessor's Parcel No: 112-732-05

Page 4 of 4

**Exhibit "B"**

Recording Requested By Internal Revenue Service. When recorded mail to:

INTERNAL REVENUE SERVICE
PO BOX 145595, STOP 8420G
CINCINNATI, OH  45250-5585

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

9.00
*$R0009479826$*
2017000338791  1:39 pm 08/10/17
9 409 N32 F13    1
0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

| Form 668 (Y)(c) (Rev. February 2004) | 1474 Department of the Treasury - Internal Revenue Service **Notice of Federal Tax Lien** |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED AREA #7<br>Lien Unit Phone: (800) 913-6050 | Serial Number<br>272474917 |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer  RONALD H DULAC

Residence  PO BOX 1531
SUNSET BEACH, CA 90742-1531

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2012 | XXX-XX-3521 | 12/21/2015 | 01/20/2026 | 2767.45 |
| 1040 | 12/31/2013 | XXX-XX-3521 | 12/21/2015 | 01/20/2026 | 2688.41 |
| 1040 | 12/31/2014 | XXX-XX-3521 | 12/21/2015 | 01/20/2026 | 4672.37 |

Place of Filing
COUNTY RECORDER
ORANGE COUNTY
SANTA ANA, CA 92702

Total  $  10128.23

This notice was prepared and signed at  OAKLAND, CA , on this, the  28th  day of  July , 2017.

Signature  Joan Flack
for E. RIDDICK-PARHAM

Title
REVENUE OFFICER
(562) 491-7713

27-06-4629

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X

| Recording Requested by | Recorded in Official Records, Orange County |
|---|---|
| STATE OF CALIFORNIA<br>**FRANCHISE TAX BOARD**<br>Sacramento CA  95812-2952 | Hugh Nguyen, Clerk-Recorder<br>*$ R 0 0 1 0 4 2 6 5 9 3 $*   NO FEE<br>**2018000383164** 12:45 pm 10/23/18<br>374 CRLGTOut N33    1<br>0.00 0.00 0.00 0.00 0.00 0.00 0.000.000.00 0.00 |
| *And When Recorded Mail to*<br>Special Procedures Section<br>PO BOX 2952<br>Sacramento CA  95812-2952 | |



## Notice of State Tax Lien

Filed With:    ORANGE                                       Certificate Number:    18296319040

The Franchise Tax Board of the State of California hereby certifies that the following named taxpayer(s) is liable under parts 10 or 11 of Division 2 of the Revenue and Taxation Code to the State of California for amount due and required to be paid by said taxpayer(s) as follows:

Name of Taxpayer(s)    : RONALD H DULAC

FTB Account Number    : 1112557728

Social Security Number(s)   : XXX-XX-3521

Last Known Address    : PO BOX 1531
: SUNSET BEACH CA 90742-1531

For Taxable Years    : 2016,2015

Total Lien Amount *    : $28,958.65

Further interest and fees will accrue at the rate prescribed by law until paid; that the Franchise Tax Board of the State of California complied with all of the provisions of parts 10 or 11 of Division 2 of the Revenue and Taxation Code of the State of California in computing, levying, determining and assessing the tax; the said amounts are due and payable and have not been paid. Said lien attaches to all property and rights to such property now owned or later acquired by the taxpayer.

IN WITNESS WHEREOF, the Franchise Tax Board of the State of California has duly authorized the undersigned to execute this Notice in its name.

Dated: 10/23/18                                                                         FRANCHISE TAX BOARD
of the State of California

Collection Bureau
Telephone Number: (916) 845-4350                               By: *[signature]*

Authorized facsimile signature.

*Additional interest is accruing at the rate prescribed by law.

FTB 2930E V1 ARCS (REV 06-2017)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3 MacArthur Place, Suite 760
Santa Ana, CA 92707

A true and correct copy of the foregoing document entitled (*specify*): Chapter 7 Trustee's Opposition to Motion for Relief From the Automatic Stay of U.S. Bank National Association; Declaration of Weneta M.A. Kosmala in Support Thereof
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/25/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 03/25/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Erithe A. Smith
United States Bankruptcy Court
411 W Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/25/2019 | Janine Fountain | /s/ Janine Fountain |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- Ronald Appel    attorneyrappel@gmail.com
- Halli B Heston    hheston@hestonlaw.com, yflores@hestonlaw.com,docs@hestonlaw.com,assistant@hestonlaw.com;r41032@notify.bestcase.com
- Michael Jones    mike@mjthelawyer.com, 2651971420@filings.docketbird.com
- Weneta M Kosmala (TR)    ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
- Steven B Lever    sblever@leverlaw.com, assistant@leverlaw.com;r58483@notify.bestcase.com
- Kelsey X Luu    Kelsey.Luu@mtglawfirm.com, Jenelly.Goldade@mtglawfirm.com;Kelsey.Luu@mtglawfirm.com
- Angie M Marth    amarth@logs.com, ssali@logs.com
- Erin P Moriarty    emoriarty@kosmalalaw.com, wkosmala@kosmalalaw.com;jfountain@kosmalalaw.com;weneta.kosmala@7trustee.net
- Sara Tidd    sara@mjonesoc.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**:

Lillian Sikanovski Dulac
18566 Santa Andrea Street
Fountain Valley, CA 92708

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**