Erin P. Moriarty (SBN 146751)
**LAW OFFICES OF WENETA M.A. KOSMALA**
3 MacArthur Place, Suite 760
Santa Ana, CA 92707
Telephone:   (714) 540-3600
Facsimile:    (714) 509-1760
E-mail:        emoriarty@kosmalalaw.com

General Counsel for
Weneta M.A. Kosmala, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>**LILLIAN SIKANOVSKI DULAC,**<br><br>Debtor(s). | Case No.: 8:18-bk-12967-ES<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING TURNOVER OF REAL PROPERTY OF THE ESTATE, REQUIRING VACATING OF PREMISES, AND ALLOWING TRUSTEE TO EXERCISE ALL LEGAL REMEDIES TO OBTAIN POSSESSION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF WENETA M.A. KOSMALA IN SUPPORT THEREOF**<br><br>Date:   July 16, 2019<br>Time:  10:30 a.m.<br>Ctrm:   5A |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE; THE DEBTOR AND HER ATTORNEY OF RECORD; RONALD DULAC, BREHZ DULAC, AND RAYNEE DULAC, POSSIBLE OCCUPANTS OF 18566 SANTA ANDREA STREET, FOUNTAIN VALLEY, CALIFORNIA or 17192 OAK LANE, HUNTINGTON BEACH, CALIFORNIA; ALL OTHERS OCCUPYING AND/OR IN POSSESSION OF EITHER FOR THE PROPERTIES; AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on July 16, 2019 at 10:30 a.m. in Courtroom 5A of the above-captioned Court, located at 411 W. Fourth Street, Santa Ana, California, Weneta M.A. Kosmala ("Trustee"), Chapter 7 trustee of the bankruptcy estate of Lillian Sikanovski Dulac ("Debtor"), will and hereby does move the Court for an Order:

1. Granting Trustee possession of two residential real properties of the Estate:

    a. 18566 Santa Andrea Street, Fountain Valley, California ("Residence"), believed to be occupied by the Debtor and her adult daughter, Raynee Dulac.

    b. 17192 Oak Lane, Huntington Beach, California ("Business Property"), a residential property utilized primarily in the operation of businesses by the Debtor's ex-husband, Ronald Dulac, but possibly occupied by him and/or the couple's adult daughter, Brehz Dulac.

2. Determining that the Debtor, Ronald Dulac, Brehz Dulac, Raynee Dulac, and any other occupants are not entitled to possession of the properties.

3. Compelling the immediate turnover of both properties to Trustee by the Debtor, Ronald Dulac, Brehz Dulac, Raynee Dulac, and all other occupants.

4. Requiring that the Debtor, Ronald Dulac, Brehz Dulac, Raynee Dulac, and all other occupants vacate and surrender both properties to Trustee immediately, authorizing them to remove only their own personal property (but no property of the Estate), and as to the Debtor, to remove only exempt personal property (excluding fixtures).

5. If the occupants fail to vacate immediately upon entry of an Order on this Motion, authorizing Trustee to enlist the assistance of the United States Marshals Service ("U.S. Marshal") to take all necessary steps to take possession of the Residence and the Business Property, seize such personal property as may be found at said properties, and deliver to Trustee possession of the real properties and custody of the seized personal property, to be disposed of as provided by law.

6. Pursuant to Local Bankruptcy Rule 7064-1(e), providing that:

    a. Upon execution and entry of an Order on this Motion, the United States Marshals Service (collectively, the "U.S. Marshal") is immediately directed to assist Trustee to enforce the underlying Order awarding possession.

b. Trustee and/or her authorized real estate agent, Clarence Yoshikane, will act as substitute custodian of any and all items of personal property seized pursuant to the Order on this Motion, and the U.S. Marshal shall have no liability arising from any acts, incidents, or occurrences in connection with the seizure of the personal property located at the subject real property arising in the ordinary authorized scope of duties of the U.S. Marshal (which acts do not include acts arising from negligent or intentional tortious conduct), including any third party claims and the U.S. Marshal shall be discharged of his or her duties and responsibilities for safekeeping of the seized goods.

c. The U.S. Marshal accomplishing such eviction or seizure shall use whatever reasonable force is necessary to break open and enter the Residence and/or Business Property, regardless of whether the premises or location is locked or unlocked, occupied or unoccupied and to inspect the contents of any room, closet, cabinet, vehicle, container, desk or documents.

d. Anyone interfering with the execution of the Order on this Motion is subject to arrest by law enforcement officials.

7. Enjoining the Debtor, Ronald Dulac, Brehz Dulac, Raynee Dulac, and all other occupants from damaging the Residence and/or the Business Property in any way, or removing any non-exempt items of personal property of the Estate, including fixtures.

This Motion is made on the grounds that the properties are property of the Estate (11 U.S.C. § 541(a)) which Trustee may sell for the benefit of the Estate (11 U.S.C. § 363(b)(1)); Trustee is entitled to turnover and possession of the properties (11 U.S.C. § 542(a)); and therefore Trustee is entitled to an Order requiring that the Debtor, Ronald Dulac, Brehz Dulac, Raynee Dulac, and all other occupants vacate and surrender the Property to Trustee, and allowing Trustee to employ all legal remedies to obtain possession (11 U.S.C. § 105(a)).

This Motion is based upon this Notice of Motion and Motion, the incorporated Memorandum of Points and Authorities, the Declaration of Weneta M.A. Kosmala, and upon such other and further evidence as the Court may admit in connection with the hearing of this matter.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f) requires that each party interested in opposing, joining or responding to this Motion file a formal response not later than fourteen (14) days before the hearing.  Under Local Bankruptcy Rule 9013-1(h), papers not timely filed and served may be deemed by the Court to be consent to the granting of the relief requested in this Motion.

**LAW OFFICES OF WENETA M.A. KOSMALA**

Date:  June 19, 2019

/s/ Erin P. Moriarty
Erin P. Moriarty
Attorneys for Chapter 7 Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTS.**

1. Lillian Sikanovski Dulac ("Debtor") initiated the captioned case by the filing of a Voluntary Petition on August 13, 2018. Weneta M.A. Kosmala ("Trustee") is the duly appointed and acting Chapter 7 trustee of the resulting bankruptcy estate ("Estate").

2. The Debtor scheduled her interest in two real properties in Orange County, California, both acquired by the Debtor and her ex-husband during their marriage, and as-yet undivided in their marital dissolution proceedings pending at the time of filing, in which they were deemed community property:

   a. 18566 Santa Andrea Street, Fountain Valley, California ("Residence"): This property is believed to be the residence of the Debtor and her adult daughter, Raynee Dulac. Scheduled at a value of $790,000, Trustee is advised that the Residence could be sold for approximately $900,000 in the current market. Deducting costs of sale (7%) of $63,000, liens of approximately $605,000 per a pending stay relief motion by the lender (Dkt No. 49), and the Debtor's homestead exemption of $7,645.00, Trustee believes that there is net equity in the Residence for the Estate. There is a disputed lien in favor of Ronald Dulac's parents on this property in the principal amount of $200,000, based upon a 2000 Note, secured by a Deed of Trust signed by Ronald Dulac alone and recorded in 2014, when the parties were under injunction by the Family Court not to encumber the property. The parents have filed Proof of Claim No. 3 against the Estate for the Note amount, as an *unsecured* claim. Trustee believes that this deed of trust is avoidable.

   b. 17192 Oak Lane, Huntington Beach, California ("Business Property"): This property is a single family home which was apparently acquired for and utilized primarily in the operation of various businesses by the Debtor's ex-husband, Ronald Dulac. Trustee is advised that it may be occupied on a transitory basis by the Debtor's and Ronald Dulac's adult daughter, Brehz Dulac. The Debtor scheduled the property at a value of $800,000. Trustee is advised that the property had been listed pre-petition by Ronald Dulac pursuant to a Court order of the Family Court at $720,000. The institutional deed of trust executed by the spouses years

ago was apparently acquired by Ronald Dulac's parents, through their family trust. "Foreclosure" documents filed by them place the balance at approximately $41,622.79. In addition, there are liens in favor of the spouses' family law counsel, and the taxing authorities (for taxes owed by Ronald Dulac). At the listing value, deducting costs of sale (7%) of $50,400, and the foregoing liens, Trustee believes that there is substantial net equity in the Business Property for the Estate. There is a separate deed of trust securing the same alleged obligation of Ronald Dulac's parents as described above, and suffering the same defects.

3. The Court has seen these parties and these properties before, in the Debtor's prior Chapter 13 case (8:15-bk-10556-ES). The case was dismissed on November 21, 2016 due to the Debtor's inability to obtain confirmation of a plan, with the Court commenting that the liquidation of the properties would be better effectuated under the order of the Family Court in the marital dissolution proceedings.

4. Trustee suspects that the Court may have been unaware of the degree of acrimony between the spouses, which has led to the complete stalemate of sale efforts, including the loss of two prior full-price offers due to the "rejection" of the offers by Ronald Dulac, the inappropriate recordation of deeds of trust in favor of Ronald Dulac's parents (it is unclear at this point whether this was with or without their knowledge), and the acquisition of the institutional trust deed on the Business Property in the name of Ronald Dulac's parents (again, with or without their knowledge) for the apparent purpose of "end-running" the Debtor's interest in the property by engineering a foreclosure on that trust deed. It appears that the removal of both spouses from the decision-making process through the appointment of a Chapter 7 trustee is the best way to fulfill the Family Court's orders that the properties be sold, while safeguarding the interests of creditors.

5. Trustee stands willing to make arrangements with the occupants of the two properties for an orderly vacating of the properties, provided that they agree to keep mortgage payments current post-petition, maintain appropriate insurance with Trustee as a loss payee, agree to cooperate in the marketing of the properties by allowing access upon reasonable notice

and maintaining the properties in showable condition, and agree to vacate by an agreed-upon date certain.

6.  In the absence of such an agreement, Trustee needs possession of the properties to fulfill her duty to liquidate them for the benefit of the Estate. 11 U.S.C. § 704.

## II. TRUSTEE IS ENTITLED TO POSSESSION OF THE PROPERTY.

The Residence and the Business Property are clearly property of the Estate, including any undivided community property interest of Ronald Dulac. 11 U.S.C. § 541(a)(1), (2). Trustee may sell property of the Estate outside of the ordinary course of business under 11 U.S.C. § 363(b). Any party in possession of property which Trustee may sell "shall deliver to the trustee, and account for, such property…." 11 U.S.C. § 542(a).

Since the properties may be sold for the benefit of unsecured creditors, the Debtor, Ronald Dulac, Brehz Dulac and Raynee Dulac, and any other occupants must turn over the properties to Trustee, and must cooperate in Trustee's efforts to administer them. 11 U.S.C. § 541(4); § 542(a). This Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). Therefore, Trustee is entitled to an Order containing the relief set forward in the Motion.

The requested Order will allow Trustee to enlist the assistance of the U.S. Marshals Service ("U.S. Marshal") in obtaining possession of the properties. Local Bankruptcy Rule 7064-1(e) states that "[a]ny writ of, or order for, possession to be effected by the United States Marshals Service must include the following language":

> Upon execution and entry of this Writ or Order, the United States Marshals Service [and any other executing officer authorized by the court] (collectively, the "U.S. Marshal") is immediately directed to assist [the party enforcing the writ or order] to enforce the underlying order awarding possession.
>
> [The party enforcing the writ or order] and/or [his/her/its] authorized agent(s) will act as substitute custodian of any and all items of personal property seized pursuant to this Writ or Order and the U.S. Marshal shall have no liability arising from any acts, incidents, or occurrences in connection with the seizure of the personal property located at the subject real property arising in the ordinary authorized scope of duties of the U.S. Marshal (which acts do not include acts arising from negligent or intentional tortious conduct), including any third party

1  claims and the U.S. Marshal shall be discharged of his or her duties and responsibilities for safekeeping of the seized goods.

2
3  The U.S. Marshal accomplishing such eviction or seizure shall use whatever reasonable force necessary to break open and enter the subject real property regardless of whether the premises or location is locked or unlocked, occupied or unoccupied and to inspect the contents of any room, closet, cabinet, vehicle, container, desk or documents.
4

5  Anyone interfering with the execution of this Writ or Order is subject to arrest by law enforcement officials.
6

7  The Motion tracks the requisite language.

8  In light of the foregoing, Trustee requests that the Court grant the relief requested in the
9  Motion.

10
11  Respectfully submitted,

12  **LAW OFFICES OF WENETA M.A. KOSMALA**

13  Dated: June 19, 2019    /s/ Erin P. Moriarty
                             Erin P. Moriarty
14                           Attorneys for Weneta M.A. Kosmala,
15                           Chapter 7 Trustee

16
17
18
19
20
21
22
23
24
25
26
27
28

Case 8:18-bk-12967-ES    Doc 75    Filed 06/19/19    Entered 06/19/19 17:01:23    Desc
Main Document    Page 9 of 13

## DECLARATION OF WENETA M.A. KOSMALA

I, Weneta M.A. Kosmala, declare:

1. I am the duly appointed and acting Chapter 7 trustee of the bankruptcy estate ("Estate") of Lillian Sikanovski Dulac ("Debtor"). I make this declaration based upon facts that are within my personal knowledge, have been gathered in the course of my service in this case, or are matters of public record. If called upon to testify thereto, I could and would competently so testify.

2. The Debtor initiated the captioned case by the filing of a Voluntary Petition on August 13, 2018.

3. The Debtor scheduled her interest in two real properties in Orange County, California, both acquired by the Debtor and her ex-husband during their marriage, and as-yet undivided in their marital dissolution proceedings pending at the time of filing, in which they were deemed community property:

 a. 18566 Santa Andrea Street, Fountain Valley, California ("Residence"): This property is believed to be the residence of the Debtor and her adult daughter, Raynee Dulac. Scheduled at a value of $790,000, I am advised that the Residence could be sold for approximately $900,000 in the current market. Deducting costs of sale (7%) of $63,000, liens of approximately $605,000 per a pending stay relief motion by the lender (Dkt No. 49), and the Debtor's homestead exemption of $7,645.00, I believe that there is net equity in the Residence for the Estate. There is a disputed lien in favor of Ronald Dulac's parents on this property in the principal amount of $200,000, based upon a 2000 Note, secured by a Deed of Trust signed by Ronald Dulac alone and recorded in 2014, when the parties were under injunction by the Family Court not to encumber the property. The parents have filed Proof of Claim No. 3 against the Estate for the Note amount, as an *unsecured* claim. I believe that this deed of trust is avoidable.

 b. 17192 Oak Lane, Huntington Beach, California ("Business Property"): This property is a single family home which was apparently acquired for and utilized primarily in the operation of various businesses by the Debtor's ex-husband, Ronald Dulac. I am advised that it may be occupied on a transitory basis by the Debtor's and Ronald Dulac's adult daughter,

1  Brehz Dulac. The Debtor scheduled the property at a value of $800,000. I am advised that the
2  property had been listed pre-petition by Ronald Dulac pursuant to a Court order of the Family
3  Court at $720,000. The institutional deed of trust executed by the spouses years ago was
4  apparently acquired by Ronald Dulac's parents, through their family trust. "Foreclosure"
5  documents filed by them place the balance at approximately $41,622.79. In addition, there are
6  liens in favor of the spouses' family law counsel, and the taxing authorities (for taxes owed by
7  Ronald Dulac). At the listing value, deducting costs of sale (7%) of $50,400, and the foregoing
8  liens, I believe that there is substantial net equity in the Business Property for the Estate. There
9  is a separate deed of trust securing the same alleged obligation of Ronald Dulac's parents as
10 described above, and suffering the same defects.

11      4.    The Court has seen these parties and these properties before, in the Debtor's prior
12 Chapter 13 case (8:15-bk-10556-ES). The case was dismissed on November 21, 2016 due to the
13 Debtor's inability to obtain confirmation of a plan, with the Court commenting that the
14 liquidation of the properties would be better effectuated under the order of the Family Court in
15 the marital dissolution proceedings.

16      5.    I suspect that the Court may have been unaware of the degree of acrimony
17 between the spouses, which has led to the complete stalemate of sale efforts, including the loss of
18 two prior full-price offers due to the "rejection" of the offers by Ronald Dulac, the inappropriate
19 recordation of deeds of trust in favor of Ronald Dulac's parents (it is unclear at this point
20 whether this was with or without their knowledge), and the acquisition of the institutional trust
21 deed on the Business Property in the name of Ronald Dulac's parents (again, with or without
22 their knowledge) for the apparent purpose of "end-running" the Debtor's interest in the property
23 by engineering a foreclosure on that trust deed. It appears that the removal of both spouses from
24 the decision-making process through the appointment of a Chapter 7 trustee is the best way to
25 fulfill the Family Court's orders that the properties be sold, while safeguarding the interests of
26 creditors.

27      6.    I stand willing to make arrangements with the occupants of the two properties for
28 an orderly vacating of the properties, provided that they agree to keep mortgage payments

current post-petition, maintain appropriate insurance with me as a loss payee, agree to cooperate in the marketing of the properties by allowing access upon reasonable notice and maintaining the properties in showable condition, and agree to vacate by an agreed-upon date certain.

7. In the absence of such an agreement, I need possession of the properties to fulfill my duty to liquidate them for the benefit of the Estate.

8. The Residence and the Business Property are clearly property of the Estate, including any undivided community property interest of Ronald Dulac.

9. In light of the foregoing, I request that the Court grant the relief requested in the Motion.

I declare under oath and under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on June 19, 2019 at Santa Ana, California.

_____
Weneta M.A. Kosmala

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Law Offices of Weneta M.A. Kosmala
3 MacArthur Place, Suite 760
Santa Ana, CA  92701

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING TURNOVER OF REAL PROPERTY OF THE ESTATE, REQUIRING VACATING OF PREMISES, AND ALLOWING TRUSTEE TO EXERCISE ALL LEGAL REMEDIES TO OBTAIN POSSESSION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF WENETA M.A. KOSMALA IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **6/19/2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **6/19/2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/19/2019 | David M. Fitzgerald | /s/David M. Fitzgerald |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
Ronald Appel    attorneyrappel@gmail.com
Halli B Heston    hheston@hestonlaw.com, yflores@hestonlaw.com,docs@hestonlaw.com,assistant@hestonlaw.com;r41032@notify.bestcase.com
Michael Jones    mike@mjthelawyer.com, 2651971420@filings.docketbird.com
Weneta M Kosmala (TR)    ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
Kelsey X Luu    Kelsey.Luu@mtglawfirm.com, Jenelly.Goldade@mtglawfirm.com;Kelsey.Luu@mtglawfirm.com
Angie M Marth    amarth@logs.com, ssali@logs.com
Erin P Moriarty    emoriarty@kosmalalaw.com, wkosmala@kosmalalaw.com;jfountain@kosmalalaw.com;weneta.kosmala@7trustee.net
Sara Tidd    sara@mjonesoc.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL:**
Honorable Erithe A. Smith
United States Bankruptcy Court
411 W. Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

Ronald H. Dulac
P.O. Box 1531
Sunset Beach, CA  90742

Ronald H. Dulac
17192 Oak Lane
Huntington Beach, CA  92647

Brehz Dulac
17192 Oak Lane
Huntington Beach, CA  92647

Raynee Dulac
18566 Santa Andrea Street
Fountain Valley, CA  92708

Lillian Sikanovski Dulac
18566 Santa Andrea Street
Fountain Valley, CA  92708